**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRISTINA GAITAN-BERNAL, | No.    13-72374 |
| Petitioner, | Agency No. A098-988-971 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Cristina Gaitan-Bernal, a native and citizen of El Salvador, petitions for

review of a Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).  We grant the petition for review and remand.

As to asylum and withholding of removal, when the agency found Gaitan-Bernal failed to demonstrate the harm she experienced and fears were on account of a protected ground, it did not have the benefit of this court's decisions in *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), *and Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014) ("married women in Guatemala who are unable to leave their relationship" can constitute a cognizable social group)*, and Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014).  Further, the record does not support the agency's conclusion that even if Gaitan-Bernal's social group was cognizable, her husband's "controlling and distrustful nature" was the single motivating factor for her mistreatment.  *See Hu v. Holder*, 652 F.3d 1011, 1019 (9th Cir. 2011) (record compelled the conclusion that petitioner satisfied the nexus requirement).  In addition, substantial evidence does not support the agency's relocation finding where Gaitan-Bernal's previous relocation attempt was unsuccessful.  *See Kaiser v. Ashcroft*, 390 F.3d 653, 659-60 (9th Cir. 2004).  Substantial evidence also does not support the agency's finding based on Gaitan-Bernal's failure to seek

13-72374

assistance from authorities in El Salvador.  *See Bringas-Rodriguez*, 850 F.3d at 1073-75; *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006) (reporting private persecution not required where it would be futile or subject petitioner to further abuse).  Further, the record does not support the agency's finding that the evidence shows ARENA party members were willing to help Gaitan-Bernal.

Further, in denying CAT relief, the agency found Gaitan-Bernal presented "no evidence" that her husband acted with the consent or acquiescence of a public official.  The agency erred by failing to consider Gaitan-Bernal's testimony about her husband's relationship with police officers.  The agency also did not address the State Department country report and other country conditions evidence in denying Gaitan-Bernal's CAT claim.  *See Madrigal v. Holder*, 716 F.3d 499, 508-10 (9th Cir. 2013) (agency must consider all evidence in assessing likelihood of torture).

In light of these conclusions, we grant the petition for review and remand Gaitan-Bernal's asylum, withholding of removal, and CAT claims to the agency for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**